No. 180             March 5, 2025             399

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN EVERETT LIMBECK,
*Defendant-Appellant.*

Marion County Circuit Court
22CR25154; A181325

Jodie A. Bureta, Judge.

Argued and submitted January 22, 2025.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment convicting him of second-degree sexual abuse. In a single assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence obtained through a body wire (*i.e.*, a hidden recording device) that the victim had consented to wear during a conversation with defendant. Defendant argues that, despite the victim's consent, federal law required the Oregon Attorney General or the county district attorney to apply for an order or warrant to obtain the body-wire recording. We conclude that federal law imposes no such requirement on the interception and recording of a conversation in which one of the participants consented to the recording. We therefore affirm.

We state the facts "consistently with the trial court's factual findings that are supported by sufficient evidence in the record and its decision denying defendant's motion to suppress." *State v. Heise-Fay*, 274 Or App 196, 198, 360 P3d 615 (2015). The relevant facts are undisputed. The victim reported the sexual abuse to a Keizer police officer. As part of the resulting investigation, the victim met with Detective Lathrop and agreed to wear a body wire and meet with defendant to obtain "verbal evidence" about the assault.

Prior to that meeting, Lathrop sought and obtained an order from the trial court authorizing "interception of oral communication," pursuant to ORS 133.726(3). The order stated that "[t]he oral communications to be intercepted are those of [the victim,] who is working at the direction of the Keizer Police Department, and [defendant] *** and any other subjects who may be present during their conversations." The order further provided that "[t]he Keizer Police Department is the agency authorized to intercept and record the oral communications."

The victim then met with defendant while wearing a body wire, and the police recorded their conversation. During that conversation, defendant admitted that he heard the victim say "stop" during the assault.

The state indicted defendant for first-degree rape and second-degree sexual abuse. Defendant moved to

suppress the evidence that was obtained through the body-wire recording. He argued that the evidence had been "unlawfully intercepted" because the application to intercept the communications had not been made by an "authorized" applicant as required under 18 USC section 2516(2). That statute, which was enacted as part of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Wiretap Act), Pub L 90-351, 82 Stat 197 (1968), restricts the ability of both state and federal government officials to obtain judicial wiretap orders. Specifically, section 2516(2) provides that "[t]he principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof," may apply "to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire, oral, or electronic communications," if also authorized to do so "by a statute of that State." Because Lathrop is not the "principal prosecuting attorney," as contemplated by section 2516(2), defendant argued that the order was issued in violation of federal law and that the resulting body-wire evidence "must be suppressed." *See* 18 USC § 2515 (requiring exclusion of evidence obtained in violation of the Wiretap Act).

The trial court rejected defendant's argument. The trial court reasoned that, "historically, [Title] III wiretaps have been treated differently than consensual body wires." Because Lathrop intercepted oral communication with the consent of the victim, a party to the conversation, the trial court determined that the interception was lawful and denied defendant's motion to suppress.

On appeal, defendant renews his argument that the state unlawfully intercepted his conversation with the victim because the state failed to have the "principal prosecuting attorney" apply for the court order authorizing the interception. Thus, in his view, the trial court erred in denying his motion to suppress. We review the trial court's denial of the motion to suppress for errors of law, *State v. Monger*, 306 Or App 50, 52, 472 P3d 270, *rev den*, 367 Or 291 (2020), and affirm.

Although the Wiretap Act imposes a number of restrictions on a state's ability to intercept communications,

those restrictions are not without exceptions. In particular, section 2511(2)(c) provides an exception to section 2516(2)'s judicial authorization requirement when one of the participants of the communication consents to the interception. More specifically, section 2511(2)(c) states that, where "one of the parties to the communication has given prior consent," "[i]t shall not be unlawful under this chapter [18 USC §§ 2510-2523] for a person acting under color of law to intercept" that oral communication. Because the victim consented to Lathrop's interception of her communication with defendant, section 2516(2) did not require either Lathrop or, as defendant argues, the "principal prosecuting attorney" to obtain judicial authorization for the use of the body wire. *See State v. Lissy*, 304 Or 455, 467-68, 747 P2d 345 (1987) (examining a previous version of section 2511(2)(c) and similarly concluding that "federal law does not require a court order when one of the participants consents").

Defendant acknowledges that, under section 2511(2)(c), federal law did not require Lathrop to obtain judicial authorization to intercept the communication between the interception-consenting victim and defendant. However, defendant contends that, once Lathrop applied to obtain judicial authorization, section 2516(2) required the state to have the "principal prosecuting attorney" involved in that process. We disagree. Defendant's argument wrongly assumes that section 2516 is applicable to one-party consent interceptions. As we just explained, section 2511(2)(c) explicitly exempts one-party consent interceptions from the statutory requirements contained in section 2516(2).

Furthermore, we reject defendant's argument that *State v. Harris*, 369 Or 628, 509 P3d 83, *cert den*, ___ US ___, 143 S Ct 485, 214 L Ed 2d 277 (2022), compels a different outcome. In *Harris*, the Supreme Court affirmed the trial court's decision to suppress evidence obtained as a result of four wiretap orders on the basis that the applications failed to satisfy the requirements of section 2516(2) because they were not submitted by the "principal prosecuting attorney." *Id.* at 633-45. However, unlike in *Harris*, here, the evidence at issue was obtained with the consent of the victim who was a party to the intercepted communication.

As previously explained, the victim's consent triggered the section 2511(2)(c) exception to the section 2516(2) judicial authorization requirement. Thus, *Harris* is inapplicable.

In sum, because Lathrop had consent from the victim to intercept her conversation with defendant, the state's interception was lawful under section 2511(2)(c). Accordingly, the trial court correctly denied defendant's motion to suppress.

Affirmed.